Affirmed.

---

## ED. ANDERSON v. A. H. WIJE.[1]

July 22, 1910.

Nos. 16,685—(77).

**Breach of contract — directed verdict.**

In an action to recover damages for breach of a written contract for cultivation of crops, where defendant took possession of the land for failure of plaintiff to finish the planting within the time specified, the court erred in submitting the case to the jury and should have directed a verdict for defendant. [Reporter.]

Action in the district court for Clay county to recover $500 damages for breach of the contract described in the opinion. The answer alleged that plaintiff had failed to perform the contract, that after his failure to carry out the terms of the contract, defendant entered upon the premises, planted the portion of land remaining unplanted and cultivated all the crops on said land; that the crop was unharvested and defendant did not know the value thereof nor the expense required for the work of harvesting. As a counterclaim defendant alleged that the value of ten bushels of potatoes which plaintiff failed to plant amounted to $7.50; that defendant necessarily expended in planting and cultivating and caring for the potatoes already planted and those which were put in by defendant the sum of $150.50; that the cultivation of the land planted by plaintiff was reasonably worth $60 and the care of the remainder $100. The reply alleged that plaintiff did not read the contract, but relied wholly upon defendant's representations with reference to its contents; that defendant took the contract and ever since it was signed has refused to deliver a copy thereof to plaintiff; that the contract was void because it did not contain the terms entered into by the parties.

The case was tried before Baxter, J., and a jury which returned a verdict in

[1]Reported in 127 N. W. 1134.

favor of plaintiff for $19. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Reversed.

*Peterson & Adams,* for appellant.

*Nye & Dosland,* for respondent.

PER CURIAM.

Plaintiff and respondent brought an action against defendant and appellant to recover damages in the sum of $500. The cause of action arose out of a written contract whereby plaintiff leased from defendant fifteen acres of tillable land on which it was agreed plaintiff should plant, raise and harvest a crop of potatoes, for which defendant was to furnish the seed. At the end of the contract it was agreed that the planting must be finished by the twentieth instant. Plaintiff was to receive one half of the crop for his services. Plaintiff planted about four acres and no more. Under a clause in the lease authorizing defendant to take full and absolute possession of the land on plaintiff's failure to perform, defendant went into possession on the twentieth. The jury returned a verdict of $19.

There can be no doubt that both parties were bound by the contract. Plaintiff, who could read English, signed it. He failed to perform. There is some testimony as to rains, but not sufficient to raise the question whether plaintiff was prevented from performance by an act of God. Defendant took possession as he was authorized to do by the express terms of the contract. The court should have directed a verdict for the defendant. Under the circumstances, however, no statutory costs will be allowed the defendant.

Reversed.